United States District Court
Western District Of North Carolina
_____X

Deeshun Dade #1605039
      Plaintiff,

    V.

(FNU) Sergeant Church,
(FNU) Sergeant Shields,
(FNU) Officer Rayburn,
(FNU) Officer Jones,
(FNU) Officer Hensley,
(FNU) Officer Franklin,
(FNU) Officer Lane,
(FNU) Captain Freeman,
      Defendants.
_____X

**FILED**
Asheville, NC

APR 13 2022

Clerk, US District Court
Western District of NC

Complaint
Civil Action
NO. 1:22-cv-81-MR

## I. Jurisdiction & Venue

1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C section 2283 and 2284 and rule 65 of the Federal Rules of Civil Procedure.

2) The Western District Of North Carolina is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred

## II. Plaintiff

3) Plaintiff, Deeshun Dade, #1605034, is and was at all times mentioned herein a prisoner of the State of North Carolina, in the custody of the North Carolina department of corrections. He was housed, at the time of the incident, at Foothills Correctional Institution and is currently housed at Foothills C.I.

## III. Defendants

4) Defendant, Sergeant Church, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Foothills C.I.

5) Defendant, Sergeant Shields, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Foothills C.I.

6) Defendant, Officer Reyborn, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of officer and was assigned to Foothills C.I.

7) Defendant, Officer Jones, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Officer and was assigned to Foothills C.I.

8) Defendant, Officer Hensley, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Officer and was assigned to Foothills C.I.

9) Defendant, Officer Franklin, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Officer and was assigned to Foothills C.I.

10) Defendant, Officer Lane, is a Correctional Officer of the North Carolina D.O.C who, at all times mentioned in this complaint, held the rank of Officer and was assigned to Foothills C.I.

11) Defendant, Captain _____, is a Correctional Officer of the North Carolina D.O.C who, at all times

mentioned in this complaint, held the rank of Captain, and was assigned to Foothills C.I.

12.) Each defendant is sued individually and in their individual and official capacities. At all times mentioned in this complaint, each defendant acted under the color of state law.

## IV. Facts

13.) At all times relevant to this case, Plaintiff was housed on E Unit, D block, cell 409, E Unit, C block, cell 402, and E Unit, D block, cell 404, chronologically as stated below.

14.) On April 5th, 2022, Plaintiff made numerous requests to correctional officers for cleaning supplies. Plaintiff had been moved to Cell E-4-D-9 on April 4th, 2022 and noticed that the cell had not been cleaned since being occupied by the previous inmate. Plaintiff began making requests immediately upon being moved into the cell and had still not been afforded the opportunity to clean by the next day. The Plaintiff verbalized to staff that, due to Covid-19 and the strict sanitation mandate in place by the Governor, they were violating a Governor order by not letting him clean after another inmate occupied the cell he was placed in.

15.) At approximately 11:30hrs, the Plaintiff refused to give staff his food tray when they were on the block picking up trays from lunch. The Plaintiff held the food slot door and asked to speak to the Sergeant. This resulted in both Sergeant Shields and Sergeant Church coming onto the block. Sergeant Shields approached the Plaintiff's cell door with the electric shock shield and instructed him to close the food slot. Plaintiff asked to speak to the Officer In Charge concerning the living conditions. On arriving at the cell door, the O.I.C gave Sergeant Shields the order to demonstrate the shield. At that time the plaintiff drew his arm back in the food slot, while simultaneously, the O.I.C shut the food slot door on the Plaintiff's finger. (Note that Plaintiff later identified O.I.C as defendant named "Captain Freeman.")

16.) Approximately one hour later, the Plaintiff set a fire in his cell which resulted in heavy smoke coming from the Plaintiff's cell. The inmates housed in the cell block kicked their doors to get the attention of staff. Officers took approximately three minutes to respond to the fire at which time the Plaintiff was instructed to cuff up. The Plaintiff refused to submit to restraints and the cell door was opened. Upon the cell door opening, the Plaintiff struck Officer Jones in the right face area. Plaintiff was immediately secured and placed in restraints.

17.) Subsequently, the Plaintiff was restrained on his stomach on the floor and Officers Reyburn, Jones, Hensley, Franklin, Lane, and Sergeant Shields punched, kneed, and kicked the Plaintiff in his head, face, arms, back and ribs. While the Plaintiff was restrained and being assaulted, Sergeant Church tazed him in the back multiple times. Plaintiff tried to inform officers that he felt he was having a seizure (Plaintiff's medical records show a history of epilepsy) and was still tazed multiple times. Officer Jones simultaneously pulled a lock of hair from the Plaintiff's head. Plaintiff sustained injuries including bruises on his face, scars from the tazer, a bald spot from the missing hair and multiple scratches from excessive tightening of the cuffs.

18.) Plaintiff was taken to receiving, put on a stretcher and put in an ambulance at which time he was taken to Burke County Hospital. Plaintiff was assessed by medical staff and returned to the facility at which time he was placed in cell E-4-C-2. Plaintiff was given bed linens and had pictures taken of his wounds by Lieutenant the next day at around 14:30hrs.

19.) Sergeant Shields was asked by the Plaintiff multiple times if he could write a statement about the use of force. Defendant Shields violated NCDPS policy and procedure section .1506 (d)(2) by failing to collect statements from officers and offender witnesses.

20) Plaintiff was moved to cell E-4-0-4 on April 7th, 2022 and made several requests to Officers Jones, Hensley and Franklin for writing utencils and a grievance form and was denied. Plaintiff asked Sergeant Church to call Unit Manager Webb so plaintiff could seek relief and was denied. On April 8th, 2022 officer Jones walked by Plaintiff's cell and showed him a piece of mail and then took his mail and threw it in the trash. At the time of this filing, officers have continued to pass the Plaintiff's cell threatening and harassing him.

## V. Exhaustion of legal remedies

21) Plaintiff has submitted several ~~attempts~~ grievance forms to only have them thrown away. Plaintiff drafted a letter to the warden and received no response. Plaintiff is seeking a Temporary Relief Order until such time when he can comply with 42 U.S.C § 1997(e)(a). Plaintiff is reserving the right to pursue or refile this claim should the Court deny his request for T.R.O. and compel him to first comply with Exhaustion rules.

## VI. Legal Claims

22) Plaintiff, Deeshun Dade, realleges and incorporates by reference, paragraphs 1-21.

23) The failure to house the Plaintiff in sanitary living conditions as well as the assault, harassment and failure to protect Plaintiff from harassment, violated his rights and constitutes cruel and unusual punishment under the 8th amendment.

24) By denying the Plaintiff his mail and destroying his mail, this constitutes a violation to the 1st amendment.

25) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the court grant the relief which the Plaintiff seeks.

VII. Prayer for relief

Wherefore, Plaintiff respectfully prays this court enter judgment granting plaintiff:

26.) A decleration that the acts and omissions described violated his constitutional rights.

27.) A preliminary injunction ordering Plaintiff to be transferred to Central Prison until such time when he can exhaust administrative remedy procedures.

28.) A Temporary Relief Order in the interest of justice, for Plaintiff's protection until such time when he can exhaust administrative remedy procedures.

29.) A preliminary and permanent injunction in the interest of justice, ordering the Plaintiff to be moved to Central Prison for his protection until the disposition of his case.

30.) Sgt. Shields be reprimanded and demoted in rank for failing to follow NCDPS Policy by not collecting witness statements after an incident.

31.) Compensatory damages in the amount of $200,000 against defendant Sergeant Church, $150,000 against defendants Sergeant Shields and Officers Reyburn, Jones, Hensley, Franklin and Lane, and $100,000 against Captain Freeman.

32.) Punitive damages in the amount of $100,000 from each defendant.

33.) Nominal damages in the amount of $100,000 from defendant Jones.

34.) A Jury trial on all matters triable by a jury.

35.) Plaintiffs costs in this suit and any other relief the Court deems just, reasonable and equitable.

Dated: April 9th, 2022      respectfully submitted,

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein as true, except as to matters alleged on information and belief and, as to these, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Morganton, North Carolina on April 9th, 2022.

Plaintiff: Name Deeshyln Dade   Prison I.D. Number 1605039
Sign /s/ ...

Prison address: 5150 Western Ave.
Morganton, N.C. 28655