# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00081-MR

| | |
|---|---|
| **DEESHUN DADE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU CHURCH, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint. [Doc. 16]. The Plaintiff is proceeding in forma pauperis. [Doc. 11].

**I.  BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Foothills Correctional Institution, where he is presently incarcerated. [Doc. 1]. The Plaintiff filed an Amended Complaint [Doc. 5] before the original Complaint was screened for frivolity; he then filed a Notice and Motion to Join Party [Doc. 9]. On August 16, 2022, the Court issued an Order denying the Notice and Motion to Join because it was a piecemeal attempt to amend, and granted the

Plaintiff 30 days to file a superseding Second Amended Complaint.[1]  [Doc. 15].  The Second Amended Complaint is now before the Court for initial review.  [Doc. 16].

The Plaintiff names as the sole Defendant FNU Jones, a correctional officer, for violating his First and Eighth Amendment rights.  [Doc. 16 at 3].  The Plaintiff alleges as follows:

> On 4/5/2022 Plaintiff Deeshun Dade got into a physical altercation with multiple prison guards.  At that time in which he was tazed twice & assaulted.  Defendant Jones then proceeded to pull the Plaintiff's hair, which in the process resulted in a loss of hair which at the time went against the Plaintiff's religion which at the time was Rastafarian.

[Id. at 5].

As injury the Plaintiff claims that he "lost a significant amount of hair … [and] also resulted in the Plaintiff to cut down his locks which goes against (or) went against his religion."  [Id.].  He seeks compensatory, nominal, and punitive damages.  [Id.].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a

---

[1] Also on August 16, 2022, the Court dismissed a duplicative action, Case No. 1:22-cv-130-MR, that addressed the same incident as the instant case.

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

## A. Parties

The body of the Second Amended Complaint refers to individuals other than Defendant Jones. See Fed. R. Civ. P. 10(a) (requiring defendants to be named in the caption); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). The allegations directed at non-parties are dismissed.[2]

The Plaintiff asserts individual and official capacity claims against Defendant Jones. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages

---

[2] The allegations that the Plaintiff was "tazed" and "assaulted" by "multiple prison guards" are also too vague and conclusory to satisfy the most basic pleading requirements. [Doc. 16 at 5]; see Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F. 3d 842, 844-45 (4th Cir. 2003). The Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

### B. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Plaintiff's allegation that Defendant Jones "pulled [his] hair" during a "physical altercation with multiple prison guards" fails to state a plausible claim for the use of excessive force. [Doc. 16 at 5]. Assuming arguendo that

5

the force was objectively serious enough, this claim is insufficient to proceed. The Plaintiff has not alleged sufficient facts to plausibly allege that Officer Jones had a sufficiently culpable state of mind by pulling the Plaintiff's hair during Plaintiff's physical altercation with multiple officers. Accordingly, this claim is dismissed without prejudice.

### C. Religious Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A "substantial burden" is one that puts "substantial pressure on an adherent to modify his behavior and violate his beliefs." Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). However, "negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause." Lovelace v. Lee, 472 F.3d 174, 196 (4th Cir. 2006).

Assuming that the Plaintiff had a sincerely held Rastafarian belief with regards to his hair, he has failed to plausibly allege that Defendant Jones knew that pulling his hair would substantially burden that right, or that Jones' actions were anything more than negligent. Therefore, the Plaintiff's First Amendment claim is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Second Amended Complaint is dismissed without prejudice except for the official-capacity claims for damages, which are dismissed with prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Third Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file a Third Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The official-capacity claims for damages are **DISMISSED WITH PREJUDICE**.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file a Third Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge