IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00081-MR

| | |
|---|---|
| **DEESHUN DADE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU CHURCH, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Third Amended Complaint. [Doc. 19]. The Plaintiff is proceeding in forma pauperis. [Doc. 11].

**I.   BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[1] [Doc. 1]. The Plaintiff filed an Amended Complaint [Doc. 5] before the original Complaint was screened for frivolity; he then filed a Notice and Motion to Join Party [Doc. 9]. On August 16, 2022, the Court issued an Order denying the piecemeal attempt to amend, and granted the Plaintiff the

---

[1] The Plaintiff is presently incarcerated at the Granville Correctional Institution.

opportunity to file a superseding Second Amended Complaint.[2] [Doc. 15]. The Second Amended Complaint failed initial review and the Court granted the Plaintiff an opportunity to amend. [Docs. 16, 17]. The Third Amended Complaint is now before the Court for initial review. [Doc. 19].

The Plaintiff names as Defendants: FNU Church and FNU Shields, correctional sergeants; FNU Freeman, a correctional captain; FNU Jones, FNU Lane, FNU Hensley, FNU Rayburn, and FNU Franklin, correctional officers. He asserts violations of the First and Eighth Amendments. [Doc. 19 at 4]. For injuries, he claims that he received "short multiple scratches from the tightening of the mechanical restraints, tazer track marks in multiple places, bruises on the face & ribs, seizures …, loss of feeling in left arm daily, emotional damages, humiliation from peers, PTSD, fear of being in handcuffs around a lot of people, emotional damage." [Id. at 8]. He seeks compensatory, nominal, and punitive damages, a jury trial, and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Third Amended Complaint to determine whether it is subject to

---

[2] Also on August 16, 2022, the Court dismissed a duplicative action, Case No. 1:22-cv-130-MR, that addressed the same incident as the instant case.

dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

3

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Plaintiff claims that he had an altercation with officers, and that even after he was mechanically restrained, Defendants Rayburn, Jones, Hensley, Franklin, Lane, and Shields continued to punch, slap, and kick him and that Defendant Church tasered him. [Doc. 19 at 6]. Taking the

4

allegations as true and construing all inferences in the Plaintiff's favor, the excessive force claims pass initial review against Defendants Rayburn, Jones, Hensley, Franklin, Lane, Shields, and Church in that such claims are not clearly frivolous.

The Plaintiff also appears to assert an excessive force claim against Defendant Freeman, the officer in charge (OIC). To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff claims that Defendant Freeman responded to the housing pod about an hour before the alleged excessive force incident occurred. [Id.

5

Case 1:22-cv-00081-MR   Document 20   Filed 02/09/23   Page 5 of 9

at 8]. However, he does not allege that Defendant Freeman personally used any excessive force against him, nor does he allege any facts to plausibly assert a supervisory claim. It appears that the claim against Defendant Freeman is based on *respondeat superior*, which is insufficient to establish a § 1983 claim. See Monell, 436 U.S. 658, 694. Therefore, the excessive force claim against Defendant Freeman is dismissed.

**B.     Interference with the Mail**

As a general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner applies to both convicted prisoners and pretrial detainees).

Isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v.

Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

Here, the Plaintiff claims that Defendant Jones threw away one piece of mail on a single occasion. [Doc. 19 at 7]. This isolated incident of mail mishandling is insufficient to state a First Amendment violation, and this claim is dismissed.

### C. Miscellaneous Claims

The Plaintiff further appears to claim that Defendant Shields failed to adequately investigate the excessive force incident in accordance with NCDPS policy; and that the Plaintiff's request for a grievance was denied. [Doc. 19 at 6]. These allegations fail to state a claim under § 1983 because mere violations of policy, and of the grievance procedure, do not rise to the level of a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure."); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level

of constitutional violation"). Therefore, to the extent that the Plaintiff attempted to assert claims for violations of NCDPS's investigation policies and grievance procedures, they are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Third Amended Complaint passes initial review on the Plaintiff's excessive force claims against Defendants Rayburn, Jones, Hensley, Franklin, Lane, Shields, and Church. The remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Third Amended Complaint passes initial review on the Plaintiff's excessive force claims against Defendants Rayburn, Jones, Hensley, Franklin, Lane, Shields, and Church.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Rayburn, Jones, Hensley, Franklin, Lane, Shields, and Church, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge