IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00081-MR

| | | |
|---|---|---|
| **DEESHUN DADE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **TONIA R. CHURCH, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Adult Corrections' (NCDAC) sealed Notice [Doc. 27] regarding the Court's Request for Waivers of Service [see Doc. 21].

The Third Amended Complaint passed initial review against Defendants Kenneth David Reyburn, James Donald Jones, III, Tyler Hensley, Justin Franklin, Wesley Lane, Larry D. Shields, and Tonia R. Church,[1] and the Court initiated the procedure for waiver of service. [Doc. 20]. Service waivers have been filed for all of the Defendants except Defendant Reyburn. [Doc. 26]. NCDAC is unable to waive service for

---

[1] The Plaintiff refers to the Defendants in the Third Amended Complaint only by their last names. The Clerk will be instructed to correct the Court's record with their full names.

Defendant Reyburn, who is no longer employed with NCDAC; it has provided this Defendant's last known address under seal. [See Doc. 27].

The Clerk will be directed to notify the U.S. Marshal that Defendant Reyburn needs to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Reyburn cannot be served at the address provided by NCDAC, the U.S. Marshal shall be responsible for locating his home address so that he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Reyburn, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant Kenneth David Reyburn.** If the U.S. Marshal is unable to obtain service on Defendant Reyburn, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

The Clerk is respectfully instructed to mail a copy of the Third Amended Complaint [Doc. 19], the Sealed Notice containing Defendant Reyburn's last known addresses [Doc. 27], and this Order to the U.S. Marshal.

**IT IS FURTHER ORDERED** that the Clerk is instructed to substitute the Defendants' names in the Court's record as follows: Kenneth David Reyburn for "FNU Reyburn;" James Donald Jones, III, for "FNU Jones;" Tyler Hensley for "FNU Hensley;" Justin Franklin for "FNU Franklin;" Wesley Lane for "FNU Lane;" Larry D. Shields for "FNU Shields;" and Tonia R. Church for "FNU Church."

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge