IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00081-MR

| | | |
|---|---|---|
| DEESHUN DADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TONIA R. CHURCH; | ) | |
| LARRY D. SHIELDS; | ) | |
| KENNETH DAVID REYBURN; | ) | |
| JAMES DONALD JONES, III; | ) | |
| TYLER HENSLEY; | ) | |
| JUSTIN FRANKLIN; | ) | |
| WESLEY LANE; AND | ) | |
| (First Name Unknown) | ) | |
| CAPTAIN FREEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a "Motion to Excuse Attendance of Individual Defendants at Settlement Conference" (Doc. 45) and a second "Motion to Excuse Attendance of Individual Defendants at Settlement Conference" (the "Motion," Doc. 46).

A telephonic settlement conference is set for April 18, 2024 beginning at 9:30 a.m. The Court's Order of February 28, 2024 provided instructions regarding the parties' participation in that conference. Doc. 43.

By the Motion, Defendants T.T. Church, J.K. Franklin, T.A. Hensley, J.D. Jones, W.E. Lane, K. Reyburn, and L.D. Shields ("Defendants") request

1

that they be excused from participating in the conference. Doc. 46 at 1. Additionally, Defendants request that "a representative of the insurance carrier for any party" also be excused. Id. Defendants contend that this request is justified because the North Carolina Department of Adult Corrections ("NCDAC"), as Defendants' employer, is responsible "for the first one hundred fifty thousand dollars ($150,000) of liability" and their counsel does not anticipate any settlement in this matter will exceed $150,000. Id. at ¶ 4. The Motion also states that "a representative from NCDAC with settlement authority will attend the scheduled settlement conference and will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendants." Id. at ¶ 6.

In view of these representations, the undersigned will excuse a representative from any involved insurance carrier (i.e., a representative other than the NCDAC representative) from participating in the conference.

With respect to Defendants' participation, while defense counsel and the NCDAC representative may have authority to negotiate and enter a binding settlement on behalf of Defendants, as parties to the case Defendants themselves have a vested interest in the matter and the undersigned otherwise believes Defendants' personal participation in the conference may be beneficial. In order to ensure that such participation is not unduly burdensome, the undersigned has previously advised that Defendants and

their counsel may participate in the settlement conference from different physical locations if they so choose, as long as they are on one conference line during the conference. See Doc. 43 at 2.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Excuse Attendance of Individual Defendants at Settlement Conference (Doc. 45) is **DENIED AS MOOT.**

2. Defendants' second Motion to Excuse Attendance of Individual Defendants at Settlement Conference (Doc. 46) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The request that a representative from any involved insurance carrier (i.e., a representative other than the NCDAC representative) be excused from participating in the April 18, 2024 settlement conference is **GRANTED**; and

    b. The request that Defendants themselves be excused from personally participating is **DENIED**.

Signed: April 4, 2024

W. Carleton Metcalf
United States Magistrate Judge